1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                                **DISTRICT OF NEVADA**

6

7    GARY J. BLESKI,                          )
                                              )
8                            Plaintiff,       )      Case No. 2:09-cv-02464-PMP-PAL
                                              )
9    vs.                                      )              **ORDER**
                                              )
10   MICHAEL J. ASTRUE,                        )
                                              )
11                           Defendant.       )
     _____)

12

13          This case involves judicial review of administrative action by the Commissioner of Social

14   Security, denying the Plaintiff's claim for disability benefits under Title II of the Social Security Act.

15   Plaintiff's Complaint was filed December 31, 2009 (Dkt. #1).  Defendant's Answer (Dkt. #6) was filed

16   March 16, 2010, along with a certified copy of the administrative record.  See Notice of Manual Filing,

17   Dkt. #7.  No additional motions or pleadings have been filed.

18          The court recognizes that many of these cases have a number of factors in common:

19          1.      Such cases rarely, if ever, require any proceedings in the nature of a trial.  Instead, these

20   cases are usually resolved by cross-motions to reverse or remand and to affirm the Commissioner's

21   decision.

22          2.      Sometimes the plaintiff submits new medical reports to the Court in support of a request

23   for remand at such a late date in the proceedings as to cause an unnecessary and undesirable delay in

24   the rendering of a decision by the Court.

25          3.      The transcript of the evidence adduced at the administrative hearing frequently contains

26   the words "inaudible" or "illegible" in some places, and the administrative record sometimes contains

27   documents which are illegible.  These parts of the administrative record may or may not relate to the

28   question of whether the Commissioner's decision is supported by substantial evidence.

1    **THEREFORE, IT IS ORDERED:**

2    1.    In the event Plaintiff intends to request a remand of this case on the basis of new

3 medical evidence, he shall file a motion to remand in this court based on new medical evidence no later

4 than **May 14, 2010**, with a copy of the evidence attached to the motion, and shall serve a copy of the

5 motion and medical evidence on the:

6    United States Attorney
District of Nevada

7    333 Las Vegas Boulevard South
Room 5000

8    Las Vegas, NV 89101

9    2.    In the event Plaintiff serves a motion for remand on the basis of new medical evidence

10 on Defendant, pursuant to the provisions of this Order, Defendant shall have thirty days from the date

11 of service of such motion to file either a notice of voluntary remand of the case or points and authorities

12 in opposition to Plaintiff's motion.  Plaintiff may file a reply to Defendant's opposition within twenty

13 days.

14    3.    If Plaintiff seeks remand for consideration of new medical evidence, the motion shall

15 include a statement of reasons why the new evidence was not incorporated into the record at an earlier

16 stage.  Under 42 U.S.C. § 405(g) remand for reconsideration of new evidence will not be granted unless

17 the evidence is new and material and there is a showing of good cause for failure to incorporate the

18 evidence into the record at an earlier stage.

19    4.    In the event Plaintiff does not file a motion to remand on the basis of new medical

20 evidence, he shall, no later than **May 14, 2010** file with this court a motion for reversal and/or remand.

21    5.    Whenever Plaintiff files a motion for reversal and/or remand, which includes issues

22 based on the administrative record, Plaintiff's motion shall include:

23    (a)    A specification of each and every condition or ailment, or combination thereof,

24    that allegedly renders Plaintiff disabled and is allegedly supported by evidence contained in the

25    administrative record.

26    (b)    A complete summary of all medical evidence in the record that supports

27    Plaintiff's claim of disability due to each condition or ailment specified in subparagraph 5(a)

28    above, with precise references to the applicable portions of the record.  This summary shall not

1 include medical evidence unrelated to the conditions or ailments upon which Plaintiff's claim or

2 claims of disability are based.  It shall be sufficient compliance with this subparagraph if

3 Plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the

4 medical evidence contained in the record.

5         (c)     A complete summary of all other evidence adduced at the administrative hearing

6 that supports Plaintiff's claim of disability due to each condition or ailment specified in

7 subparagraph 5(a) above, with precise references to the applicable portions of the record.  It

8 shall be sufficient compliance with this subparagraph if Plaintiff shall stipulate that the

9 Administrative Law Judge fairly and accurately summarized the evidence adduced at the

10 administrative hearing.

11         (d)     With respect to each condition or ailment specified in subparagraph 5(a) above, a

12 complete but concise statement as to why the record does not contain substantial evidence to

13 support the defendant's conclusion that Plaintiff is not disabled by each such condition or

14 ailment, or combination thereof.

15      6.     If Defendant has not filed a notice of voluntary remand, and the issues in question relate

16 to the administrative record, Defendant, within thirty days after being served with Plaintiff's motion for

17 reversal and/or remand, shall file a cross-motion to affirm which will be considered an opposition to

18 Plaintiff's motion.  This motion shall include:

19         (a)     With respect to each disabling condition or ailment specified by Plaintiff, a

20 complete summary of all medical evidence in the record that Defendant contends constitutes

21 substantial evidence to support the administrative determination that Plaintiff is not disabled

22 due to such condition or ailment or combination thereof.  This summary shall not include

23 medical evidence unrelated to conditions or ailments upon which Plaintiff's claim or claims of

24 disability are based.  It shall be sufficient compliance with this subparagraph if Defendant shall

25 stipulate that the Administrative Law Judge fairly and accurately summarized the medical

26 evidence contained in the record.

27 / / /

28 / / /

1
2
3
4
5
6
7
8

(b)      With respect to each disabling condition or ailment specified by Plaintiff, a complete summary of all testimony adduced at the administrative hearing, including the Administrative Law Judge's findings, if any, concerning the credibility of witnesses, which Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not disabled due to such condition or ailment, or combination thereof.  It shall be sufficient compliance with this subparagraph if the defendant shall stipulate that the Administrative Law Judge fairly and accurately summarized the testimony adduced at the administrative hearing.

9
10
11
12

(c)      A statement as to whether there are any inaccuracies in the summaries filed by Plaintiff in response to paragraphs 5(b) and 5(c) of this Order.  If Defendant believes Plaintiff's summaries are inaccurate, Defendant shall set forth what additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

13
14
15

(d)      The lay definitions of all medical terms contained in the record necessary to be understood in order to determine whether Defendant's decision is supported by substantial evidence.

16
17
18

7.      The motions filed by Plaintiff and the defendant pursuant to paragraphs 5 and 6 of this Order, respectively, shall also contain appropriate points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

19
20
21
22
23

8.      Plaintiff shall be deemed to have acceded to the accuracy of the summaries supplied by Defendant in response to subparagraphs 6(a) and 6(b) of this Order, and to all definitions of medical terms supplied by Defendant in respect to subparagraph 6(d) of this Order, unless within twenty days after being served with Defendant's motion to affirm Plaintiff shall file and serve a document setting forth:

24

(a)      In what manner the summaries are inaccurate;

25
26

(b)      What additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate; and/or

27      / / /

28      / / /

4

1       (c)    Any definitions of the medical terms that Plaintiff contends are more accurate

2   than the definitions supplied by Defendant.

3       9.    The motions filed by both Plaintiff and Defendant shall also contain the following:

4       (a)    A statement as to whether the transcript of the administrative hearing can be

5   adequately comprehended in spite of the fact that such transcript may contain the words

6   "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which

7   testimony relating to the particular issues of this case cannot be adequately comprehended.

8       (b)    A specification of each page in the administrative record that is partially or

9   totally illegible, and a statement whether each such illegible page contains information relevant

10   to an understanding of any issue presented in this case.

11       10.    Oral argument shall be deemed waived and the case shall stand submitted unless

12   argument is ordered by the Court or requested, pursuant to Local Rule 78-2, by one of the parties

13   within ten days following the filing of the last document required by this Order.  Even if one or both of

14   the parties requests oral argument, the final decision as to whether oral argument is warranted remains

15   with the court.

16       11.    Failure of a party to file a motion or points and authorities required by this Order may

17   result in dismissal of the action or reversal of the decision of the Commissioner of Social Security as

18   may be appropriate.

19       Dated this 14th day of April, 2010.

20

21                                                          _____
                                                  PEGGY A. LEEN

22                                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28